John Tehranian, Esq. (Bar. No. 211616)
  jtehranian@onellp.com
Peter R. Afrasiabi, Esq. (Bar No. 193336)
  pafrasiabi@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:  (949) 258-5081

Joanna Ardalan, Esq (Bar. No. 285384)
  jardalan@onellp.com
**ONE LLP**
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 437-8665
Facsimile:  (310) 943-2085

Attorneys for Plaintiff, Lisa Corson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA CORSON, an individual, | Case No. |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| FAULTLINE ADVENTURES, INC., a California corporation, and DOES 1-10 INCLUSIVE, | |
| Defendants. | |

**COMPLAINT**

Lisa Corson ("Corson"), by and through her attorneys of record, complains against Faultline Adventures, Inc. ("Faultline") and DOES 1-10 (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

2. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Plaintiff Lisa Corson is an individual who resides in Ojai, California.

4. Plaintiff is informed and believes and, upon such, alleges that Faultline Adventures, Inc. ("Faultline") is a California corporation, with its principal place of business in Valencia, California.

5. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

### *The Photos Forming the Subject Matter of This Dispute*

6. Lisa Corson ("Corson") is a commercial, travel, and restaurant photographer who is hired by high-profile clients to shoot photographs for, inter alia, websites, magazines and newspapers. Corson's work has appeared in the *Wall Street Journal*, *Sunset Magazine*, *Country Living*, *San Francisco Magazine*, among many others.

7. Corson created certain photographs of different locations in Palm Springs. These images are professional-grade, intriguing photographs of Palm Springs real estate, street fairs, stylish food, and bars. At least four of these images form the subject matter of this dispute and are referred to herein as the "Photos."

8. Corson has timely registered the Photos with the United States Copyright Office, and their respective registration numbers are VAu 1-159-755 and VAu 1-159-752.

9. Corson owns all rights, title and interests (including the copyrights thereto) to the Photo.

### *The Defendants and the Marketplace*

10. On information and belief, Faultline, doing business as Desert Adventures, is a well-known, successful Jeep-adventure tour company operating out of Palm Springs. Faultline's website proclaims that it is the "#1 Activity Company in Greater Palm Springs on TripAdvisor" and has been in business since 1987. Inter alia, the Website serves as a marketing tool as it provides customers information about the various tours. Customers can sign-up for the tours by and through the Website.

11. On information and belief, the Website reaches and solicits business from individuals around the world, including viewers in California, for activities in Palm Springs.

12. Corson alleges, on information and belief, that Faultline owned and operated the Website at all times relevant to this dispute.

13. Defendants have, on information and belief, violated federal law by willfully infringing Corson's copyrights to at least four photographs on the Website. Attached

hereto as Exhibit A is a true and correct copy of screenshots showing Defendants' use of the Photos on the Website.

14. Specifically, Defendants reproduced, distributed and publicly displayed at least four Photos, and derivatives thereof, on their website without permission, consent, or license.

15. On information and belief, Defendant's reproduction, distribution and public display of at least four of Corson's photographs, and derivatives thereof, continues unabated to this very day.

16. On information and belief, Faultline promoted its brand and attracted customers to the Website in part due to the presence of the Photos that frame this dispute. As shown in Exhibit A, the Photos are displayed in full-size on the Website. All of the traffic and interest from viewers translates into substantial ill-gotten commercial advantage and revenue generation for Faultline as a direct consequence of their infringing actions.

17. As a business specializing in tourist jeep tours in the Palm Springs area, Faultline depends on the lure of Palm Springs to attract patrons. Faultline distributed, displayed and reproduced the Photos knowing full well it did not have the right to do so. On information and belief, Faultline posted the Photos to attract patrons and did so without having to pay expensive licensing fees or without having to hire a professional photographer to take them.

18. On information and belief, Faultline understands the importance of copyrights, as demonstrated by its own use of the © notice on its website content.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501)

19. Plaintiff Corson incorporates here by reference the allegations in paragraphs 1 through 18 above.

20. Corson is the rightsholder to the copyrights of the Photos, which substantially consist of wholly original material that constitutes copyrightable subject matter under the

laws of the United States. Corson has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Photos have been timely registered with the United States Copyright Office. The copyright registrations are attached as Exhibit A.

21. Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Corson's copyrights by reproducing, displaying, distributing and utilizing the Photos for purposes of trade without authorization of or payment to Corson in violation of 17 U.S.C. § 501 *et seq.*

22. Defendants have willfully infringed, and unless enjoined, will continue to infringe Corson's copyrights by knowingly reproducing, displaying, distributing and utilizing the Photos for purposes of trade.

23. On information and belief, Defendants' acts of infringement are willful because, inter alia, the Defendants are sophisticated businesses with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

24. On information and belief, Defendants, despite such knowledge, willfully reproduced, publicly distributed and publicly displayed the Photos on the Website.

25. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of the Photos for purposes of trade, including by increasing the traffic to Defendants' website and, thus, increasing the potential sales of Faultline's services.

26. The actions of Defendants were and are continuing to be performed without the permission, license or consent of Corson.

27. The wrongful acts of Defendants have caused, and are causing, great injury to Plaintiff, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Corson will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Plaintiff seeks a

declaration that Defendants are infringing Corson's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrights.

28. As a result of the acts of Defendants alleged herein, Corson has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

29. Plaintiff has identified at least four work willfully infringed by Defendants, which occurred by way of reproduction, public distribution and public display of the Photos on the Website. Therefore, Corson is entitled to a potential award of up to $450,000 in statutory damages.

30. Alternatively, at its discretion, Corson is entitled to actual damages in an amount to be proven at trial for the infringement of all works at issue.

31. Plaintiff is also entitled to its attorney's fee, costs and interest in prosecuting this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. The Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff Corson's rights in the photographs at issue.

2. Defendants be held liable to Plaintiff in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c) and for costs, interest and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

3. An accounting be made for all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

4. Requiring Defendants to account for and pay over to Plaintiff all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

5. Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

6. That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Dated: December 22, 2015        **ONE LLP**

By:  /s/ Joanna Ardalan
Peter R. Afrasiabi, Esq.
John Tehranian, Esq.
Joanna Ardalan, Esq.
Attorneys for Plaintiff,
Lisa Corson

# DEMAND FOR JURY TRIAL

Plaintiff Corson hereby demands trial by jury of all issues so triable under the law.

Dated: December 22, 2015  **ONE LLP**

By: /s/ Joanna Ardalan
Peter R. Afrasiabi, Esq.
John Tehranian, Esq.
Joanna Ardalan, Esq.
Attorneys for Plaintiff,
Lisa Corson